THE STATE OF OHIO, APPELLANT, *v.* BAUER, APPELLEE.

[Cite as State v. Bauer (1980), 61 Ohio St. 2d  83.]

(No. 79-325—Decided January 23, 1980.)

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Joseph M. Gurley,* for appellant.

*Mr. Marvin R. Plasco,* for appellee.

*Per Curiam.*    The sole issue presented in this appeal is whether appellee was entitled to a discharge under R. C. 2945.73. Appellant contends, in essence, that because appellee's trial was originally scheduled within the statutory period set forth by R. C. 2945.71(C)(2), and because ap-

pellant was ready to proceed with the cause at that time and appellee failed to appear, appellant has satisfied its statutory duty to prosecute appellee who must now rely solely upon his constitutional (as opposed to statutory) right to a speedy trial in order to challenge his conviction.

R. C. 2945.71(C)(2) specifies that a person against whom a felony charge is pending "[s]hall be brought to trial within two hundred seventy days after his arrest." In calculating the days expired, R. C. 2945.71(D) provides that each day during which an accused is held in jail in lieu of bail on the pending charge "shall be counted as three days." In the event that a defendant is not brought to trial in accordance with the above provisions, and no extension has arisen under R. C. 2945.72, R. C. 2945.73 specifies that the accused, upon motion made at or prior to trial, shall be discharged.

In *People* v. *Fosdick* (1967), 36 Ill. 2d 524, 528-529, 224 N.E. 2d 242, it was noted that the proper focus of a court in circumstances such as these is upon the underlying source of the delay. In a situation where it is alleged that the defendant is the cause for the delay, the court stated that it would carefully examine the facts in the case to prevent a "mockery of justice" by discharging defendants if in fact the delay was occasioned by their acts.

In the instant cause, there is no evidence whatsoever from which it can be concluded that the rescheduling of appellee's trial date to September 26, 1977, emanated from anything other than his own conduct. It is clear that appellee was afforded his statutory right to a speedy trial initially, but through his own design he chose to shun this right and impede the prompt administration of this cause. Appellee will not be permitted to enjoy the protection of these statutes, as to a time period prior to his failure to appear, when by his actions he has waived their benefits. See, generally, *People* v. *Anderson* (1954), 126 C. A. 2d 702, 272 P. 2d 805, *certiorari denied,* 348 U. S. 918; *People* v. *Hayes* (1977), 48 Ill. App. 3d 459, 363 N.E. 2d 84.

Appellee argues that his failure to appear for trial should, minimally, "extend" the period of time within which he should be brought to trial, pursuant to R. C. 2945.72(D).*

* R. C. 2945.72(D) provides, in essence, that the time within which an accused

Under this construction, appellee would have the statute tolled from his initial trial date of May 5, 1977, until his recapture on June 5, 1977. We find this solution unworkable and inconsistent with the efficient administration of justice. There is no justification for a rule which could require a court to reschedule, within a few days after his rearrest, the trial of a defendant who has forfeited his appearance bond. Such a holding would not comport with the realities of congested court dockets which are typically set months in advance.

It is our conclusion that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R. C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested. In the instant cause, this includes the period of time between October 24, 1976, and June 5, 1977. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

must be brought to trial in the case of a felony may be extended by any period of delay "occasioned by the neglect or improper act of the accused."