The STATE of Ohio, Appellee,

v.

GIBSON, Appellant.

[Cite as *State v. Gibson* (1992), 75 Ohio App.3d 388.]

Court of Appeals of Ohio,
Logan County.

No. 8–91–21.

Decided June 29, 1992.

*Gerald Heaton,* Prosecuting Attorney, for appellee.
*Michael G. Minnich,* for appellant.

EVANS, Judge.

This is an appeal by Artillis Gibson ("appellant") from a judgment of the Court of Common Pleas of Logan County overruling his motion to dismiss the charges against him on the basis of the state's failure to grant him a speedy trial. Pursuant to a plea of no contest, appellant was convicted of breaking and entering, a fourth degree felony under R.C. 2911.13(A), and sentenced to imprisonment for one year.

Appellant was arrested on June 25, 1990 and was charged with breaking and entering. He was lodged in the Logan County Jail for three days, pending his initial appearance, wherein he was represented by court-appointed counsel. Appellant was released on bond on June 28. On July 12, 1990, the municipal court complaint was dismissed by the state.

On July 20 appellant was indicted in the court of common pleas and was again charged with a violation of R.C. 2911.13(A). Appellant was not served with the indictment until September 26, 1990, when he was arrested by Allen County officials. Upon his arrest, appellant was again lodged in the Logan County Jail, and was released on a recognizance bond on September 28, 1990. Following a pretrial scheduling conference, the case was set for jury trial on January 14, 1991.

The trial date was vacated pursuant to appellant's filing a motion for continuance and a motion for treatment in lieu of conviction. The motion hearing was held February 19, 1991. The court denied appellant's motion for treatment, and set a new trial date for March 25, 1991.

On March 15, 1991, the court granted defense counsel's motion to withdraw as counsel for appellant. The court appointed new counsel for appellant on March 18.

When appellant failed to appear for the April 1 and April 8 scheduling conferences, the trial court revoked appellant's bond and issued a capias writ to the Logan County Sheriff, "or any other law enforcement officer," for appellant's arrest and return to custody. On May 31, 1991, appellant was arrested in Kentucky and returned to Logan County, where he remained incarcerated due to his inability to pay the newly set bond.

During the June 24, 1991 scheduling conference the trial court offered a trial date of August 7, 1991, the earliest available date on the court's calendar. Due to a conflict with defense counsel's schedule, the trial was scheduled for August 22 and 23, 1991. On August 19, the court heard oral motions and from the bench overruled appellant's motion for dismissal of the indictment due to violation of appellant's right to a speedy trial under R.C. 2945.71(C). Appellant then entered his plea of no contest to the charge of breaking and entering, was found guilty, and was sentenced to one year in prison, with "credit for eighty-eight (88) days previously incarcerated in the Logan County Jail."

Appellant has appealed the dismissal of his motion, asserting the following assignment of error:

"The Trial Court erred in overruling Appellant's Motion to Dismiss the charges pending against Appellant due to the state's failure to bring Appellant to trial within the time limits of Ohio Revised Code § 2945.71 et seq."

Pursuant to R.C. 2945.71(C), a person accused of a felony must be brought to trial within two hundred seventy days after his arrest. Each day that the accused remains in custody must be counted as three days. R.C. 2945.71(E). Moreover, R.C. 2945.73 requires that a defendant who is not brought to trial within the requisite period must, upon motion at or before the trial, be discharged.

According to appellant, a computation of speedy trial time under the statute demonstrates a violation of his speedy trial rights, since over five hundred days elapsed between his arrest on the charged offense and the trial date ultimately set by the court. Thus, appellant established a prima facie case for dismissal of the charges under the speedy trial statute, and the state was required to prove that the two-hundred-seventy-day limitation was exceeded for statutorily permitted reasons. See, e.g., *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328.

A review of the record herein establishes that, under either party's estimate, more than two hundred seventy days passed between appellant's initial arrest and the August 7 trial date proposed by the court. However, R.C. 2945.72 provides for extension of the time within which a defendant must be tried, under certain circumstances, two of which we find applicable in this case. The relevant subsections, R.C. 2945.72(D) and (H), provide as follows:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

" * * *

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

In this case, the trial court first set a trial date which was well within the requisite period within which appellant had to be tried. This date was continued, pursuant to R.C. 2945.72(H), on appellant's own motion. Furthermore, several reasonable continuances were necessary after the substitution of defense counsel, for purposes of trial preparation. See *id.* However, most importantly, several continuances were necessary due to neglect and improper acts of appellant himself. Appellant failed to appear for hearings set by the court and, apparently, had made no effort to stay in contact with his attorney or the court, either by telephone or mail. Furthermore, appellant violated his bond privilege by absconding to another state, whereupon the court issued a capias for his arrest.

The Supreme Court of Ohio has held that an accused who escapes the jurisdiction, thereby rendering himself inaccessible to the court, waives his right to a speedy trial. See *State v. Bauer* (1980), 61 Ohio St.2d 83, 84–85, 15 O.O.3d 122, 122–123, 399 N.E.2d 555, 555–556. Under *Bauer*, a defendant "will not be permitted to enjoy the protection of [the speedy trial statutes], as to a time period prior to his failure to appear, when by his actions he has waived their benefits." *Id.* at 84, 15 O.O.3d at 123, 399 N.E.2d at 556. Furthermore, the *Bauer* court concluded that when a defendant has forfeited his appearance bond, speedy trial time is re-calculated from the time of his re-arrest on the capias issued for his arrest. The court found that a mere "tolling" of the limitation period during the defendant's absence prior to the final trial date is a "solution unworkable and inconsistent with the efficient administration of justice." *Id.* at 85, 15 O.O.3d at 123, 399 N.E.2d at 556.

Therefore, we conclude that appellant waived his "right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapse[d] from his initial arrest to the date he [was] subsequently rearrested." *Bauer, supra,* 61 Ohio St.2d at 85, 15 O.O.3d at 123, 399 N.E.2d at 556. Thus, appellant's "speedy trial" time did not begin to run until May 31, 1991, when he was arrested on the capias and returned to the jurisdiction.

Although appellant was again granted bail upon his return to Logan County, he was unable to post bond, and remained incarcerated until the pretrial hearing on August 19, 1991, wherein he argued his motion for discharge. Thus, for purposes of the "triple count" statute, two hundred forty-nine days elapsed from appellant's arrest on May 31 to the trial date of August 22. This period is within the statutory limitation of two hundred seventy days. Therefore, appellant has not been denied his right to a speedy trial under the Ohio statutes. The assignment of error is overruled.

Having found no error prejudicial to appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.