MARK D. GARDNER, ASSISTANT LAW DIRECTOR, For Plaintiff-Appellee.
PAUL J. CAIN, For Defendant-Appellant.
 OPINION
Defendant-appellant Stanley Craft appeals the decision of the Licking County Municipal Court overruling his motion to dismiss for violation of his right to a speedy trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 23, 1995, appellant was arrested for driving under suspension, in violation of R.C. 4507.02[1]; driving while under the influence of alcohol or drugs of abuse, in violation of R.C. 4511.19[2]; and failure to stay within marked lanes, in violation of R.C. 4511.33[3]. Appellant was released with a summons to appear in court on December 27, 1995. Appellant appeared in court on that day. After appellant signed an acknowledgment of his rights and instructions, the trial court released him on his own recognizance. The trial court continued the arraignment until January 10, 1996, in order for appellant to obtain counsel. On January 10, 1996, appellant entered pleas of not guilty to all the charges. The trial court continued the recognizance bond.
Via Court Order dated January 26, 1996, the trial court scheduled the matter for a bench trial on March 18, 1996. When appellant failed to appear for trial on March 18, 1996, the trial court issued a bench warrant for his arrest and set bond in the amount of $10,000.
Thereafter, on May 22, 1996, the Newark Police Department apprehended appellant and transported him to the Licking County Justice Center. On that same day, appellant appeared in court. Via Journal Entry dated May 22, 1996, the trial court continued bond at $10,000 and ordered the matter reset for trial. The trial court placed appellant in the custody of the Licking County Justice Center. Via Court Order dated May 24, 1996, the trial court scheduled the matter for a bench trial on June 10, 1996. Between May 23, 1996 and June 10, 1996, appellant remained incarcerated at the Licking County Justice Center.
Prior to the trial on June 10, 1996, appellant was convicted of an unrelated felony offense and sentenced to a state penal institution. Consequently, appellant failed to appear for trial on June 10, 1996[4]. On June 13, 1996, the trial court issued a bench warrant and set bond in the amount of $10,000.
After completing his felony sentence on or about August 27, 1997, appellant was returned to Licking County pursuant to the June 13, 1996 bench warrant. Via Judgment Entry dated August 27, 1997, the trial court again released appellant on a recognizance bond and ordered the matter reset for trial. Via Court Order dated September 4, 1997, the trial court scheduled the matter for a bench trial on October 22, 1997. On September 16, 1997, the trial court appointed Attorney Paul Cain to represent appellant. Thereafter, on September 18, 1997, Attorney Cain filed a motion to continue and a jury demand. The trial court granted the motion and continued the trial until October 30, 1997.
On October 20, 1997, appellant filed a motion to dismiss alleging a violation of his statutory right to a speedy trial. After hearing arguments on October 30, 1997, the trial court denied appellant's motion. Thereafter, appellant withdrew his pleas of not guilty and entered pleas of no contest to the charges. The trial court entered a finding of guilt and sentenced appellant.
It is from these convictions and sentences appellant prosecutes this appeal raising as his sole assignment of error:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL [T., 9-12].
Herein, appellant contends the trial court erred in denying his motion to dismiss for a violation of his statutory right to a speedy trial.
R.C. 2945.71 provides, in pertinent part:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree . . .
R.C. 2945.71(B) is subject, however, to the tolling provisions of R.C. 2945.72. That provision provides, in pertinent part:
 The time within an accused must be brought to trial . . . may be extended only by the following:
 (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
* * *
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
R.C. 2945.72 provisions permitting extensions of time are to be strictly construed against the State. State v. Pachay (1980),64 Ohio St.2d 218, 221. Further, practices that undercut the implementation of the speedy trial provisions of R.C. 2945.71 and2945.73 cannot be used to extend the prescribed statutory time limits. Aurora v. Patrick (1980), 61 Ohio St.2d 107, 108.
In moving for dismissal, appellant established a prima facie
case for discharge under R.C. 2945.73(B) as more than seven hundred days had elapsed between the date of his arrest and the final trial date on which he pleaded no contest. State v. Geraldo
(1983), 13 Ohio App.3d 27. The State then bore the burden of demonstrating any tolling or extension of time under R.C. 2945.72.State v. Bowman (1987), 41 Ohio App.3d 318.
In his brief to this Court, appellant submits, "as of October 30, 1997, it is 712 days since the arrest of [appellant] and 647 days beyond the time for speedy trial." Brief of Defendant-Appellant, p. 8. Appellant submits the following time table in support of his calculations:
Dates No. of Days
12/23/95-03/18/96 85
 3/19/96-5/22/96 65 tolled by defendant's actions
 5/23/96-6/10/96 19 (57) treated as 57 under 3:1 provision due to Incarceration.
6/11/96-8/27/97 441
8/28/97-10/22/97 56
10/23/97-10/30/97 8
SUB-TOTAL 712
Less tolled 65
TOTAL 647
Although we do not disagree with appellant's calculation of the number of days which passed between his arrest on December 23, 1995, and October 30, 1997, we do not agree with appellant's conclusion his speedy trial right was violated.
In order to provide a clear analysis, we shall examine the required time periods separately. The first period encompasses the time from appellant's arrest on December 23, 1995, until his initial appearance in court on December 27, 1995. When appellant appeared in court on December 27, 1995, four (4) days of his speedy trial time had elapsed[5].
The second period is between December 28, 1995, the day after appellant requested a continuance, and January 10, 1996, the day on which appellant was arraigned. Because appellant himself requested the continuance, the time was tolled pursuant to R.C.2945.72(H), and, thus, the State is not charged for these fourteen (14) days.
The third period is between January 11, 1996, and March 18, 1996, during which appellant was free on his own recognizance awaiting trial. These sixty-eight (68) days are chargeable to the State. The fourth period encompasses March 18, 1996, when appellant failed to appear for trial, through May 22, 1996, when appellant was rearrested on the first bench warrant. Pursuant to R.C. 2945.72(D), the time was tolled during these sixty-five (65) days.
The fifth period is between May 23, 1996, and June 10, 1996, the second scheduled trial date. During these nineteen (19) days, appellant was held in jail in lieu of bail, and, thus, under the triple-count provision, the State should be charged with fifty-seven (57) days. Time would appear to have expired. However, in State v. Bauer (1980), 61 Ohio St.2d 83, the Ohio Supreme Court held:
 a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the day he is subsequently rearrested.
 Id. at 85.
In Bauer, supra, the defendant's trial was scheduled for May 5, 1977, a date within the statutory time period set forth in R.C.2945.71, however, the defendant failed to appear. Id. at 83. The trial court issued a bench warrant for his arrest. Id. After the defendant's subsequent apprehension on June 5, 1977, the trial court rescheduled the matter for September 26, 1977. Id. The defendant filed a motion to discharge under the provisions of R.C.2945.71, et. seq., which the trial court denied. Id. The Court of Appeals reversed the judgment of the trial court. Id. The Ohio Supreme Court reversed the Court of Appeals. Id.
In reaching its conclusion, the Ohio Supreme Court noted "the proper focus of a court in circumstances such as these is upon the underlying source of the delay." Id. at 84. (Citation omitted). The Supreme Court continued:
 In the instant cause, there is no evidence whatsoever from which it can be concluded that the rescheduling of [the defendant's] trial date to September 26, 1977, emanated from anything other than his own conduct. It is clear that [the defendant] was afforded his statutory right to a speedy trail initially, but through his own design he chose to shun this right and impede the prompt administration of this cause. [The defendant] will not be permitted to enjoy the protection of these statutes, as to a time period prior to his failure to appear, when by his actions he waived their benefits.
 Id. (Citations omitted).
The Supreme Court refused to accept the defendant's argument his failure to appear for trial should minimally extend the period within which he should be brought to trial. The Bauer Court found:
 no justification for a rule which could require a court to reschedule, within a few days after his rearrest, the trial of a defendant who has forfeited his appearance bond. Such a holding would not comport with the realities of congested court dockets which are typically set months in advance.
 Id. at 85.
In accordance with Bauer, supra, we find appellant waived his right to assert the speedy trial provisions of R.C. Chapter 2945 for the period of time between his initial arrest on December 23, 1995, and his rearrest on May 22, 1996. Accordingly, the 90-day statutory time period started over on May 22, 1995. As of June 10, 1996, only fifty-seven (57) days were chargeable to the State.
Likewise, appellant waived his right to assert the provision of R.C. 2945.71 through 2945.73 for the period of time between his first rearrest on May 22, 1996, and his second rearrest on August 27, 1997. Accordingly, the State had ninety (90) days from August 27, 1997, in which to bring appellant to trial. As of October 30, 1997, only sixty-four (64) days were chargeable to the State.
Before addressing the period of appellant's incarceration at the state penal institution from June 11, 1996, through August 27, 1997, we briefly turn our attention to the period of September 18, 1997, through October 30, 1997. Appellant submits these days should be charged to the State. We disagree. On September 18, 1997, appellant's trial counsel filed a motion to continue. The trial court granted the motion and rescheduled the trial for October 30, 1997. Pursuant to R.C. 2945.72(H), the motion extended the time within which the State was required to bring appellant to trial. Accordingly, these days are not chargeable to the State.
The final period we must review is from June 11, 1996, through August 27, 1997. Appellant maintains because the State took no action to secure his attendance at trial on the instant charges while he was committed in a state penal institution, his speedy trial right was violated. In support of this position, appellant relies on this Court's opinion in City of Newark v.Barcus (Sept. 29, 1994), Licking App. No. 94CA0015, unreported.
In Barcus, this Court found the defendant's right to a speedy trial was violated due to the State's failure to secure the defendant's attendance at trial while the defendant was incarcerated in an adjoining county jail. We concluded the defendant was not required to follow the mandates set forth in R.C. 2941.401 because he was being held in a county jail, rather than a state penal or correctional institution.[6]
We find Barcus does not support appellant's position. In the instant action, appellant was incarcerated in a state correctional facility, not a county jail, and, as such, was subject to the mandates of R.C. 2941.401. In the absence of appellant's making a demand for a speedy disposition of the instant charges pursuant to R.C. 2941.401, the State had no authority to remove appellant from the correctional institution for trial on misdemeanor offenses.See, R.C. 2941.40. The trial court issued a warrant for appellant's arrest. When appellant was released from prison, he was immediately returned to Licking County to face the charges pending there. Accordingly, the time within which the State was required to bring appellant to trial was tolled during the period of his incarceration in the state correctional facility.
In light of the foregoing, we find appellant's speedy trial time did not expire and the trial court did not err in denying his motion to dismiss.
Appellant's sole assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
[1] A violation of R.C. 4507.02 is a misdemeanor of the second degree.
[2] A violation of R.C. 4511.19 is a misdemeanor of the second degree.
[3] A violation of R.C. 4511.33 is a minor misdemeanor.
[4] The trial court and the State knew of appellant's incarceration.
[5] The day of arrest is not included when computing the time within which a defendant must be brought to trial under R.C.2945.71. State v. Steiner (1991), 71 Ohio App.3d 249.
[6] R.C. 2941.401 provides:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter. * * *