OPINION
On September 8, 1991, appellant, Donald E. Miller, was charged with operating his vehicle under the influence of alcohol. By entry filed September 13, 1991, the trial court set a trial date for October 3, 1991. On September 20, 1991, appellee, the State of Ohio, filed a motion to continue said trial date. By judgment entry filed October 4, 1991, the trial court granted said motion and set a trial date for November 14, 1991. Appellant failed to appear for the scheduled trial and a warrant was issued. On October 28, 1998, appellant was arrested on the outstanding warrant. By order filed October 30, 1998, the trial court set a trial date for December 7, 1998. On December 4, 1998, appellant filed a motion to dismiss claiming a violation of his speedy trial rights. By judgment entry filed same date, the trial court denied said motion. Again, appellant failed to appear for the scheduled trial and a warrant was issued. Appellant appeared approximately one-half hour after the time set for trial and the trial court rescheduled the trial for January 21, 1999. A jury trial commenced on January 21, 1999. Prior to commencement, the trial court again denied appellant's motion to dismiss for speedy trial violations. After appellee rested its case, appellant made a Crim.R. 29(A) motion challenging the designation of the offense listed on the face of the complaint (traffic ticket). The trial court denied said motion. The jury found appellant guilty as charged. By judgment entry filed January 21, 1999, the trial court sentenced appellant to ninety days in jail, seventy days suspended, and imposed a $400.00 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT ERRED IN DENYING APPELLANT'S TIMELY FILED MOTION TO DISMISS ON THE BASIS OF A DENIAL OF HIS SPEEDY TRIAL RIGHTS.
II THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AFTER APPELLEE'S CASE IN CHIEF.
III THE VERDICT IS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in denying his motion to dismiss for speedy trial violations. We disagree. Appellant argues that more than ninety days had passed since his arrest and therefore the trial court should have dismissed the complaint pursuant to R.C. 2945.71(B)(2) and R.C. 2945.73(B) which state as follows: § 2945.71 Time within which hearing or trial must be held.
(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
(A) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
§ 2945.73 Discharge for delay in trial.
(A) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and2945.72 of the Revised Code.
Appellant was cited on September 8, 1991. A trial date was set for October 3, 1991 which was continued upon appellee's request to November 14, 1991. Appellant failed to appear for trial. On October 28, 1998, appellant was arrested on the outstanding warrant for failing to appear. Appellant posted a surety bond. A trial date was set for December 7, 1998. Again appellant failed to appear for trial. Another warrant was issued but appellant appeared approximately one-half hour after the time set for trial and the trial court rescheduled the trial for January 21, 1999. Appellant's trial was originally set within the statutory guidelines as appellant's try-by date was December 7, 1991 (arrest/September 8, 1991 and trial/November 14, 1991). Once appellant failed to appear at the scheduled trial date on November 14, 1991, the time for computing speedy trial ceased and did not restart until his arrest on October 28, 1998. Given appellant's voluntary absence, the time for trial restarted at zero: It is our conclusion that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71
through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested.
State v. Bauer (1980), 61 Ohio St.2d 83, 85.
Upon review, we find the trial court did not err in denying appellant's motion to dismiss for speedy trial violations. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his Crim.R. 29 motion made after appellee's case-in-chief. We disagree. Appellant argued the complaint alleged a violation of "4511.19(A)(1) ord. of St. Louisville" and there is no 4511.19(A)(1) in the ordinances of the Village of St. Louisville, Ohio. Based upon this fact, appellant argued for dismissal of the complaint. Under Crim.R. 3, a "complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance." Pursuant to Crim.R. 12(B)(1) and (2), defenses and objections based on defects in the institution of the prosecution or defects in the indictment, information or complaint must be raised prior to trial. Appellant did not raise any objections until the close of appellee's case-in-chief. T. at 30. Thereafter, appellee moved to amend the complaint pursuant to Crim.R. 7(D) to note a violation of the Ohio Revised Code. T. at 31-32. We note the complaint listed the offense of OMVI in violation of section4511.19(A)(1) and the bill of particulars filed December 2, 1998 specifically alleged "[s]aid actions of the Defendant constitute a violation of Section 4511.19(A)(1) (DUI) of the Ohio Revised Code." Because the amendment was to form and did not change the identity of the offense, we find the trial court did not err in denying appellant's Crim.R. 29 motion and in permitting the amendment under Crim.R. 7(D). Assignment of Error II is denied.
 III
Appellant claims the verdict was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was found guilty of R.C. 4511.19(A)(1) which states "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if * * * [t]he person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Only one witness testified at the trial, the arresting officer, Captain James Dixon of the Village of St. Louisville Police Department. On September 7, 1991, Captain Dixon observed a vehicle parked in front of a no parking sign. T. at 10. Captain Dixon ran the license plate and found the vehicle came back to appellant but for a different vehicle. Id. Captain Dixon then issued a parking ticket and resumed his patrol. Id. Approximately one-half hour later, it now being September 8, 1991, Captain Dixon observed the same vehicle and pulled it over to check the vehicle's registration. T. at 11. Appellant was driving the vehicle. Upon talking to appellant, Captain Dixon noticed a strong odor of alcohol on appellant's breath. Id. Captain Dixon also detected slurred speech. T. at 12. When appellant exited the vehicle, he lost his balance and fell against the vehicle. Id. Appellant staggered as he walked to the rear of the vehicle. Id. Captain Dixon then administered field sobriety tests. Captain Dixon noted six clues on the horizontal gaze nystagmus and testified appellant failed the one-leg stand and the heel to toe walk. T. at 14-15. Captain Dixon opined appellant was under the influence of alcohol. T. at 15. Captain Dixon admitted he did not stop the vehicle for impaired driving because he only observed appellant drive a block. T. at 21. Upon review, we find sufficient evidence, if believed, to support appellant's conviction and no manifest miscarriage of justice. Assignment of Error III is denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.