OPINION
Appellant Frederick Jessop appeals the decision of the Mansfield Municipal Court that found him guilty of speeding. The following facts give rise to this appeal. On September 2, 1998, while traveling on S.R. 39, Trooper Chris Wood stopped appellant for speeding. Appellant was traveling fifty-five miles per hour in a posted thirty-five miles per hour zone. Trooper Wood issued appellant a citation to appear in the Mansfield Municipal Court on September 11, 1998. Appellant signed the citation under protest. Appellant appeared on this date and informed the trial court that he signed the citation under protest and that he filed a bill of particulars which he would like answered before he would participate in the proceedings against him. Tr. Arraignment at 4. Based on appellant's statement, the trial court entered a plea of not guilty on appellant's behalf. Following his arraignment, the assignment office scheduled appellant's trial for September 29, 1998. Appellant did not receive written notification of his scheduled trial date, at the arraignment, because he left the premises. Thereafter, the assignment office mailed appellant notice of the trial date by regular U.S. mail. Appellant did not appear for trial on the scheduled date. The trial court subsequently issued a bench warrant. On November 12, 1998, appellant was picked up on the bench warrant and brought before the trial court. The trial of this matter was rescheduled for November 24, 1998. Prior to the commencement of his trial, appellant moved the trial court to dismiss the speeding charge because he was denied his right to a speedy trial and the trial court failed to establish its jurisdiction to bring him to trial. The trial court overruled appellant's motion to dismiss and found him guilty of speeding. The trial court imposed a $75 fine and costs. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE APPELLEE ERRED WHEN PROCEEDING WITH ARRAIGNMENT AND TRIAL WITHOUT PROVIDING THE APPELLANT WITH THE INFORMATION DEMANDED IN APPELLANTS (SIC) DEMAND FOR BILL OF PARTICULARS.
 II. THE TRIAL JUDGE ERRED IN RULING AGAINST APPELLANTS (SIC) MOTION TO DISMISS FOR FAILURE TO BRING THE CASE TO TRIAL WITHIN A REASONABLE TIME.
 I
In his First Assignment of Error, appellant contends the state failed to provide him with a bill of particulars. We disagree. Crim.R. 7(E) addresses a bill of particulars and provides, in pertinent part: When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge (sic) and of the conduct of the defendant alleged to constitute the offense. * * * The record in the case sub judice indicates the state filed a bill of particulars on September 24, 1998, a copy of which was mailed to appellant on the same day. At trial, the state informed the trial court that appellant acknowledged he received a copy of the bill of particulars on November 11, 1998. Tr. Trial at 10. Therefore, we find the state timely complied with the requirements of Crim.R. 7(E). Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, that he was denied his right to a speedy trial. We disagree. R.C.2945.71(A) provides that a person charged with a minor misdemeanor shall be brought to trial within thirty days of his or her arrest or the service of summons. This time period may be extended for reasons of unavailability, neglect or improper conduct of the defendant. R.C. 2945.72(A), (D). Failure to appear at trial is the type of conduct that tolls the requirements of R.C. 2945.71(A). State v. Bauer (1980), 61 Ohio St.2d 83, 84-85. In the matter currently before the court, appellant failed to appear at his bench trial scheduled for September 29, 1998, even though notice of this trial date was mailed to his residence on September 11, 1998. Pursuant to R.C. 2945.71(A), the state originally scheduled appellant's trial within the thirty-day time period. Appellant's failure to appear at trial resulted in this matter being tried beyond the thirty-day time period established in R.C. 2945.71(A) for minor misdemeanors. Since appellant's conduct resulted in the delay, we find appellant waived his right to assert the provisions of R.C. 2945.71(A). Pursuant to the Bauer decision, time for trial is re-calculated from the time of a defendant's re-arrest. Id. at 85. Appellant was re-arrested on November 12, 1998 and brought to trial on November 24, 1998, which is within the time period provided for in R.C. 2945.71(A). Thus, the state did not deny appellant his right to a speedy trial. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Farmer, J., and Edwards, J., concur.