OPINION
{¶ 1} In this case, the State appeals from a trial court decision dismissing charges of aggravated robbery and kidnapping against Anthony Weimer. The original criminal complaint was filed on June 1, 2001, and Weimer was incarcerated from June 5, 2001 until June 15, 2001, when he was released on his own recognizance. Trial was set for September 18, 2001, but Weimer failed to appear. After a bench warrant was issued for the failure to appear, Weimer was arrested in Florida and was returned to the Darke County Jail on February 5, 2002. Trial on the original charges was then set for March 25, 2002, but was continued until May 9, 2002, at Weimer's request. Weimer remained in jail until trial, because the required bond was $100,000.
 {¶ 2} When Weimer and his attorney appeared for trial in May, 2002, they learned that the State had failed to disclose two items: 1) Weimer's videotape statement; and 2) a narrative supplement to the tape. At the time this evidence was disclosed, prospective jurors had appeared, but trial had not yet started. Proceedings were delayed so that Weimer and his attorney could review the materials, but they were not able to completely finish viewing the tape. At that point, the judge held an in-chambers conference and dismissed the charges against Weimer. The judge stressed that he was not making a finding of willful conduct on the State's part; instead, the judge found that the failure to disclose was negligent.
 {¶ 3} During the in-chambers discussion, the judge made several other findings. First, he concluded that the tape appeared favorable to the State. The judge then decided to exclude the tape and narrative statement from evidence and to prohibit their use for impeachment. However, after considering the issues further, the judge decided, on his own motion, to dismiss the case with prejudice. Paramount in the judge's mind was the difficulty the defense would encounter in knowing if the defendant should testify, as well as sorting through trial preparation while jurors were being seated. While the judge recognized that the sanction was severe, he felt no other choice existed, due to speedy trial requirements. Specifically, the judge believed the matter could not be continued because the time for bringing Weimer to trial had expired.
 {¶ 4} The State suggested that since the evidence was being excluded, any prejudice to Weimer would be removed. However, the judge disagreed. In this regard, the judge expressed concern over the dilemma being presented to the defendant, i.e., of feeling he needed to testify in order to be acquitted, versus the possibility of later being prosecuted for perjury if he made statements inconsistent with the video tape or narrative. To address these concerns and salvage the trial, the State offered to give Weimer immunity for any perjury he might commit.
 {¶ 5} The judge conceded that the State's offer was generous. Nonetheless, the judge gave defense counsel a choice of trial plus immunity on potential perjury charges, or dismissal of the pending charges. Not surprisingly, defense counsel said his client would prefer the charges to be dismissed. Following this discussion, the trial judge dismissed the charges and released the jury.
 {¶ 6} The State now appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court abused its discretion by failing to impose the least severe sanction consistent with the purpose of the rules of discovery.
 {¶ 8} "II. The trial court misapplied the speedy trial provisions of R.C. 2945.71 et. seq. so as to include time pending trial prior to the Appellee's failure to appear."
 {¶ 9} After considering the assignments of error, we find that they have merit. Consequently, the trial court judgment will be reversed, and this matter will be remanded for further proceedings.
 I {¶ 10} Because both assignments of error are intertwined, we will address them together. Under R.C. 2945.71(C), "a person against whom a charge of felony is pending * * * (2) shall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) further provides that for purposes of computing time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 11} The trial court calculated the time to be charged against the State as follows: "June 5 (arrest date) to June 15 (posted bond) 10 days x 3= 30 days
 {¶ 12} "June 15 to September 18 (trial date) 96 days x 1= 96 days
 {¶ 13} "Feb. 5 (re-arrest date) to March 25 (trial date) 49 days x 3= 147 days
 {¶ 14} "Total Days: 273 days"
 {¶ 15} For purposes of this calculation, the trial court excluded the days Weimer absconded (September 19, 2001, to February 4, 2002), as well as the time between March 26, 2002, and May 9, 2002. The latter time was excluded because Weimer had requested a continuance of the March 25, 2002 trial date.
 {¶ 16} On appeal, the State contends that the trial court erred in calculating the time for speedy trial. Specifically, the State says that under State v. Bauer (1980), 61 Ohio St.2d 83, the trial court should not have charged the State with any time between Weimer's arrest and the original trial date, since Weimer did not appear for the original trial. Thus, if the correct time periods were used, 41 days would remain for trial. (This is based on the three-for-one rate, assuming Weimer would remain incarcerated until trial.) The State argues that under this calculation, the trial court could easily have imposed the less severe sanction of continuing the trial.
 {¶ 17} In contrast, Weimer argues that Bauer is inapplicable because it did not involve discovery violations. Weimer also claims that even if Bauer applies, the time should be based on his subsequent re-arrest, which allegedly occurred on January 20, 2002, not February 5. This would leave only 25 days (again, at the three-for-one rate).
 {¶ 18} As an initial point, we find that Bauer applies. The speedy trial formula is simply a mathematical process for calculating how many days are left before a defendant must be brought to trial. It has nothing, per se, to do with discovery violations. Therefore, whetherBauer involved discovery violations is irrelevant. The pertinent similarity in Bauer is that the defendant, like Weimer, failed to appear for trial. Thus, the sole issue was how that particular fact should affect the calculation. In Bauer, the Ohio Supreme Court held that:
 {¶ 19} "a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." 61 Ohio St.2d at 85.
 {¶ 20} In the present case, the trial court did properly exclude the days that Weimer absconded, as well as the time involved in Weimer's request for a continuance. See R.C. 2945.72(D) and (H) (outlining circumstances where defendant may be charged with days otherwise applicable to speedy trial calculation). However, under Bauer, the court should also have excluded the time between Weimer's initial arrest and the original trial date (123 days). Consequently, the State is correct when it says that 41 days (at the three-for-one rate) remained under speedy trial requirements. Unfortunately, the trial court simply failed to correctly compute the time.
 {¶ 21} As we mentioned, Weimer contends that even if Bauer
applies, the alleged re-arrest date of January 20, 2002, should be used. This would still leave 75 days, or 25 days at the three-for-one rate, for compliance with speedy trial requirements. In this regard, we note thatBauer did refer to the date the defendant is "subsequently rearrested," and not to the date of subsequent re-confinement in the original jurisdiction. 61 Ohio St.3d at 85. However, the only date contained in the record is the day Weimer was brought to the Darke County Jail (February 5, 2002). The record does not show Weimer's date of re-arrest. Therefore, the only evidence of record indicates that 41 days remained for trial.
 {¶ 22} Nonetheless, even if we assume that the re-arrest date was January 20, 2002, the trial could still have easily been rescheduled within 25 days without violating Weimer's right to a speedy trial. Weimer implies in his brief that 25 days would not be enough time to prepare for a trial with the new evidence, but he does not explain why this is so. As we see it, all defense counsel would have to do is view the video tape and narrative statement. Counsel could then decide whether inconsistencies existed and, if so, how best to handle them. This is not a complicated matter, nor would extensive preparation have been needed for any additional witnesses. In reality, either Weimer made the statements, or he did not. The only difficult issue would be whether Weimer should testify in light of the prior statements. However, this is a situation faced by any defendant who has given statements to the police. It is not unique.
 {¶ 23} Under Crim. R. (E)(3), "[i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." In interpreting this rule, the Ohio Supreme Court has said that "[a] trial court must inquire into the circumstances producing the alleged violation of Crim.R. 16. The court is required to impose the least severe sanction that is consistent with the purpose of the rules of discovery." State v. Parker (1990),53 Ohio St.3d 82, 86, citing Lakewood v. Papadelis (1987), 32 Ohio St.3d 1.
 {¶ 24} According to the transcript of the in-chambers hearing, the trial judge recognized that dismissing the charges was a more severe sanction than was warranted. In fact, the judge stressed repeatedly that the State's discovery violation was not at all willful. This is important, because sanctions are intended to eliminate gamesmanship.53 Ohio St.3d at 86. However, the judge felt he had to dismiss the charges, since the speedy trial time in the present case had allegedly expired.
 {¶ 25} Because a continuance could have solved the problem, the trial judge abused his discretion in dismissing the charges. Abuse of discretion means that the court acted arbitrarily, capriciously, or unreasonably. Notably, "[a] decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161. Since the trial judge was under the erroneous impression that time limits had expired, no sound reasoning process supported his decision to dismiss the charges instead of granting a continuance.
 {¶ 26} Weimer contends that we should affirm the dismissal, in light of two cases from other districts. In both cases, the courts of appeal held that the trial court did not abuse its discretion in dismissing charges where the State had failed to disclose information to the defense. In one situation, the court of appeals remarked that:
 {¶ 27} "[i]t is the obvious and clear intent of the trial court to send a message to law enforcement within his community that violations of due process will not be tolerated. We trust this message is heard, and defer * * * to the broad discretion of the trial court." State v.Sullivan (Aug. 6, 1990) Tuscarawas App. No. 89AP120094, 1990 WL 120760, *3.
 {¶ 28} Likewise, the court in State v. Smith (Aug. 10, 2001), Ashtabula App. No. 2000-A-0052, 2001 WL 901016, *6, stressed that:
 {¶ 29} "[t]he denial of a continuance, and the consequent dismissal of the charge was not inconsistent with the purpose of the discovery rules. The philosophy of the criminal rules is to remove the element of gamesmanship from a trial. Regardless of whether the state's actions were intentional in this case, reversing the trial court's use of discretion in this matter would subsidize such behavior in the future. It would give the green light to gamesmanship."
 {¶ 30} We find these cases distinguishable, as they are based on different facts. If the trial judge in the present case had expressed a similar intent, we would find no abuse of discretion. However, that was not the case. Instead, as we said, the judge clearly did not want to dismiss the case, but felt he had no other choice.
 {¶ 31} In view of the preceding discussion, both assignments of error are sustained. Accordingly, the trial court judgment is reversed, and this matter is remanded for further proceedings.
WOLFF, P.J., and GRADY, J., concur.