DECISION AND JUDGMENT ENTRY
{¶ 1} Following a guilty plea, Gregory W. Bishop appeals from his conviction on a charge of breaking and entering. Bishop argues that the trial court committed plain error by failing to sua sponte dismiss the case against him on speedy trial grounds and that trial counsel was ineffective because he did not file a motion to dismiss on speedy trial grounds. Since the state complied with Bishop's statutory and constitutional rights, trial counsel was not ineffective when he failed to file a motion to dismiss based on speedy trial grounds. Likewise, the trial court could not have committed error in this regard. Moreover, a defendant must assert his right to a speedy trial, thus the trial court would not err by failing to sua sponte dismiss the case against Bishop even if it had expired. Thus, we affirm Bishop's conviction.
 {¶ 2} The state filed its initial complaint against Bishop in the Vinton County Court on June 22, 2001. The Vinton County Grand Jury returned an indictment against him on October 23, 2001, for breaking and entering under R.C. 2911.13(A) and aggravated theft under R.C. 2913.02(A). At his arraignment, Bishop pled not guilty and the court released him on a $10,000 recognizance bond. The court set a change of plea hearing for January 30, 2002, but Bishop failed to appear for it. Due to his failure to appear, the court issued a warrant for Bishop's arrest. The Vinton County Sheriff's Office executed the warrant by arresting Bishop on April 2, 2002.
 {¶ 3} Then, the court rescheduled the change of plea hearing for April 8, 2002, but, on the day of the hearing Bishop filed a motion for continuance. After the court rescheduled the plea hearing for April 24, 2002, the state filed a motion for continuance. The court again rescheduled the plea hearing, this time for April 26, 2002. However, Bishop requested new counsel, which the court appointed on April 29, 2002. Then, on May 8, 2002, and May 16, 2002, the trial court held two pre-trial hearings. Following the May 16, 2002, hearing, the trial court scheduled a final pre-trial hearing for May 30, 2002. On May 20, 2002, Bishop filed a motion to suppress certain statements based upon a purported failure to Mirandize him. Therefore, the court changed the May 30, 2002, date from a final pre-trial hearing to a suppression hearing. But, rather than going forward on the motion to suppress, Bishop pled guilty to breaking and entering at that time. In exchange for his plea, the state agreed to drop the aggravated theft charge and agreed not to prosecute Bishop for failure to appear. Moreover, Bishop agreed to a joint recommendation for a twelve-month sentence.
 {¶ 4} After the court sentenced him to a twelve-month sentence, Bishop filed this appeal and assigns the following errors: FIRSTASSIGNMENT OF ERROR — The trial court committed plain error by failing to sua sponte dismiss case number 01CR7281 for failure to comply with the provisions of Ohio Revised Code Sections 2945.71 and 2945.72.SECOND ASSIGNMENT OF ERROR — Defendant was denied his constitutional right to a speedy trial due to ineffective assistance of counsel, who failed to file a motion to dismiss on speedy trial grounds.
 {¶ 5} Because of the waiver implications of Bishop's guilty plea, we will address his second assignment of error initially. There, Bishop argues his trial counsel was ineffective because he failed to file a motion to dismiss on constitutional or statutory speedy trial grounds. Generally, a guilty plea waives the defendant's right to raise the statutory right to a speedy trial on appeal. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of the syllabus; Villageof Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 171-72, 495 N.E.2d 581. See, also, State v. Wilhelm (Dec. 9, 1996), Stark App. No. 1996CA00089, and State v. Hiatt (July 15, 1996), Adams App. No. 94CA578 (stating that a guilty plea waives the right to challenge the denial of both the statutory and constitutional right to a speedy trial). But, see, Statev. Ellis (Jan. 12, 2001), Montgomery App. No. 18092 (stating that a guilty plea does not waive the right to challenge the denial of the constitutional right to a speedy trial). In Greeno, the Court indicated that a "more colorable claim would be made if issues of ineffective counsel * * * were present." Greeno, 25 Ohio St.3d at 172. Because of the apparent uncertainty of the effect of Bishop's guilty plea, we will consider whether Bishop's trial counsel was ineffective in failing to file a motion to dismiss based on speedy trial violations.
 {¶ 6} We apply the test for ineffective assistance of counsel outlined by the Ohio Supreme Court in State v. Ballew, 76 Ohio St.3d 244,255, 1996-Ohio-81, 667 N.E.2d 369. This two-part test requires a showing that (1) counsel's performance was defective, and (2) the deficient performance prejudiced the result. Id. citing Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail, Bishop must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 256-57. Thus, if one component of theStrickland test disposes of an ineffective assistance of counsel claim, it is not necessary to address both components.
 {¶ 7} Since Bishop's claim of ineffectiveness depends on whether the state violated his right to a speedy trial, we begin our inquiry with an analysis of that issue. Ohio recognizes both a constitutional and statutory right to a speedy trial. See, generally, State v. King,70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903, syllabus. R.C. 2945.71
embodies the statutory right to a speedy trial and states in part, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). Moreover, Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution embody the constitutional right to a speedy trial. State v. Selvage,80 Ohio St.3d 465, 466, 1997-Ohio-287, 687 N.E.2d 433. See, also, Klopferv. North Carolina (1967), 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1
(applying the Sixth Amendment to the states through application of theFourteenth Amendment). Bishop argues the state deprived him of both his constitutional and statutory right to a speedy trial.
 {¶ 8} The state must bring a person arrested and charged with a felony to trial within two hundred seventy days. R.C. 2945.71(C)(2). But if the accused remains in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days. R.C. 2945.71(E). This is known as the triple-count provision. The determination of whether the state holds an accused solely on the pending charges is a legal conclusion dependent upon the underlying facts. Statev. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136.
 {¶ 9} Generally when computing how much time has run against the state under R.C. 2945.71, we begin with the date the state initially arrested the accused. R.C. 2945.71(C)(2); State v. Bauer (1980),61 Ohio St.2d 83, 84, 399 N.E.2d 555. However, if the accused fails to appear for a scheduled court appearance, he waives "his right to assert a violation of his statutory speedy trial rights for the period of time from his initial arrest to the date that he is rearrested." State v.Russell (June 30, 1998), Athens App. No. 97CA37 citing State v. Bauer
(1980), 61 Ohio St.2d 83, 85, 399 N.E.2d 555. See, also, State v. Smith,140 Ohio App.3d 81, 89, 2000-Ohio-1777, 746 N.E.2d 678; State v. Gibson
(1992), 75 Ohio App.3d 388, 391, 599 N.E.2d 438.
 {¶ 10} Here, the state initially filed its complaint against Bishop in June 2001, and the grand jury indicted him in October 2001. However, on January 30, 2002, Bishop failed to appear for his change of plea hearing and the state did not re-arrest him until April 1, 2002. There is nothing in the record to suggest that the state lacked diligence in re-arresting him. Under Bauer and its progeny, Bishop waived his right to assert a statutory speedy trial violation for the period between his initial arrest and his subsequent arrest on April 1, 2002. Therefore, we begin our speedy trial computation with Bishop's re-arrest on April 1, 2002. Following his re-arrest, Bishop remained in jail until he pled guilty on May 30, 2002. Therefore, assuming the triple-count provision applies and tolling no time for continuances, fifty-nine actual days and one hundred seventy-seven statutory days elapsed[1]. Thus, the state did not violate Bishop's statutory right to a speedy trial because it concluded his case within two hundred seventy days.
 {¶ 11} The United States Supreme has recognized that we must make four separate inquiries when deciding if the delay violated the constitutional right to a speedy trial. This inquiry involves, (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice because of the delay. Doggettv. United States (1992), 505 U.S. 647, 651, 112 S.Ct. 2686,120 L.Ed.2d 520. None of these individual factors is determinative of whether the state violated the defendant's constitutional right to a speedy trial. Instead, we must consider the four factors collectively. Barker v. Wingo
(1972), 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101. However, in order to trigger this analysis, the defendant must allege that the interval between accusation and trial is "presumptively prejudicial."Doggett, 505 U.S. at 651-52, citing Barker, 407 U.S. at 530-31. TheDoggett Court also noted that a delay approaching one year becomes "presumptively prejudicial." Doggett, 505 U.S. at 652 fn. 1.
 {¶ 12} Here, Bishop does not allege the delay was presumptively prejudicial, even though just over eleven months elapsed between the state's initial complaint in county court and his guilty plea. Nevertheless, since the delay in concluding Bishop's case is approaching one year, we will assume without deciding that it is presumptively prejudicial.[2] Therefore, we will complete the analysis to determine if the state violated Bishop's constitutional right to a speedy trial.
 {¶ 13} Our review of the record does not indicate an uncommonly long delay in concluding Bishop's case. The court scheduled a plea hearing two months after the grand jury returned its indictment and six months after the state initially filed its complaint in county court. If Bishop had appeared for this plea hearing the court would have concluded this case at that time; however, due to Bishop's failure to appear the court was required to continue the case. Bishop is clearly to blame for the delay following his failure to appear. Where the defendant himself causes the delay by absconding and the government uses reasonable diligence in pursuing him, a speedy trial claim rings hollow. Doggett,505 U.S. at 656. Moreover, Bishop did not assert his right to a speedy trial before the trial court. Finally, there is nothing in the record to indicate that Bishop has suffered prejudice because of this delay. Therefore, the state did not violate Bishop's constitutional right to a speedy trial.
 {¶ 14} Now, we apply our finding on speedy trial to Bishop's claim of ineffective assistance of counsel. Bishop argues his trial counsel was ineffective because he did not file a motion to dismiss based on speedy trial violations. But, Bishop is not entitled to discharge based on a statutory or constitutional right to a speedy trial. Since counsel does not have a duty to raise nonmeritous issues, see, generally, State v.Nields, 93 Ohio St.3d 6, 34, 2001-Ohio-1291, 752 N.E.2d 859; State v.Tibbetts, 92 Ohio St.3d 146, 164-65, 2001-Ohio-132, 749 N.E.2d 226, trial counsel's performance did not fall below an objective standard of reasonableness. Bishop's second assignment of error is overruled.
 {¶ 15} In his first assignment of error, Bishop argues the trial court committed plain error when it failed to sua sponte dismiss the charges against him because of violations of his rights to a speedy trial.
 {¶ 16} Our analysis of the second assignment of error concluded that Bishop was not entitled to dismissal on speedy trial grounds in any event. Thus, the trial court could not have acted to sua sponte dismiss the case. Moreover, R.C. 2945.73(B) states, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Thus, the statute requires the accused to make a motion. In addition, before an accused may assert his constitutional or statutory speedy trial rights, Ohio courts require affirmative action on the part of an accused. Partsch v. Haskins
(1963), 175 Ohio St. 139, 140, 191 N.E.2d 922 (requiring affirmative action on the part of the accused before a constitutional speedy trial challenge may be made); State v. Trummer (1996), 114 Ohio App.3d 456,470-71, 683 N.E.2d 392 (applying Partsch and requiring affirmative action on the part of the accused before a statutory speedy trial challenge may be made). Since the constitutional and statutory rights to a speedy trial are not "self-executing" rights, the trial court had no obligation or duty to sua sponte dismiss the charges against Bishop on speedy trial grounds. Id. In short, in order to invoke his constitutional or statutory right to a speedy trial, Bishop was required to make a motion or otherwise assert his right. Bishop's first assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Since the state has concluded the case against Bishop within two hundred seventy days, we have not considered whether the state is entitled to credit for its continuance, Bishop's continuance or Bishop's request for new counsel.
[2] One might reasonably question whether a delay that is caused by the defendant absconding should be considered presumptively prejudicial.