OPINION
{¶ 1} Defendant-appellant Vance H. Nethers appeals the September 26, 2002 Judgment Entry entered by the Licking County Municipal Court, which denied appellant's motion to dismiss on speedy trial grounds, after appellant entered a plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 6, 2001, appellant was cited for operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19, and failure to control, in violation of R.C. 4511.202. Via Court Order filed February 6, 2002, the trial court scheduled the matter for trial on March 4, 2002. Appellant's speedy trial time expired on March 6, 2002. The State filed a motion to continue on February 11, 2002. Via Entry filed February 18, 2002, the trial court granted the State a continuance and rescheduled the matter for March 27, 2002.
 {¶ 3} Appellant filed a written Jury Demand on March 15, 2002. The trial court then set the matter for trial on March 21, 2002. On March 18, 2002, appellant filed a Motion to Continue the jury trial due to trial counsel's unavailability. Via Judgment Entry filed March 19, 2002, the trial court continued the matter until May 9, 2002.
 {¶ 4} On May 7, 2002, appellant requested a second continuance of the jury trial, advising the trial court he had voluntarily checked himself into a residential treatment center and would be unavailable until June 10, 2002. The trial court denied appellant's motion via Judgment Entry filed May 8, 2002. On May 9, 2002, appellant failed to appear for the jury trial, which resulted in the trial court's issuing a warrant for his arrest. Appellant was arrested on August 13, 2002. Appellant was brought before the trial court and was released on his own recognizance. The trial court scheduled the matter for trial on September 26, 2002. On September 25, 2002, appellant filed a Motion to Dismiss, asserting his constitutional and statutory rights to a speedy trial were violated. The trial court denied appellant's motion. Prior to the commencement of the jury trial, appellant withdrew his former pleas of not guilty and entered pleas of no contest to the charges against him. The trial court found appellant guilty as charged and scheduled a sentencing hearing on October 24, 2002.
 {¶ 5} It is from the trial court's denial of his motion to dismiss appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. The trial court erred and/or abused its discretion in denying appellant's motion to dismiss (i.e. due process, equal protection, and/or speedy trial)."
 I. {¶ 7} Herein, appellant challenges the trial court's finding appellant's August 13, 2002 arrest on the May 9, 2002 bench warrant commenced a new speedy trial time, which expired on November 11, 2002.
 {¶ 8} In State v. Bauer (1980), 61 Ohio St.2d 83, the Ohio State Supreme Court held, " a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73for that period of time which elapses from his initial arrest to the datehe is subsequently rearrested." Id. at 85 (Emphasis added).
 {¶ 9} We affirm the trial court's denial of appellant's motion to dismiss on speedy trial grounds pursuant to State v. Bauer.
 {¶ 10} Appellant's sole assignment of error is overruled.
By: Hoffman, J. Edwards, J. and Boggins, J. concur.