{¶ 25} I would respectfully dissent. Appellant failed to appear both for a scheduled pre-trial and for her trial. It is my opinion that a defendant cannot violate the procedural rules and then turn around and throw them back at the court. In State v.Bauer (1980), 61 Ohio St.2d 83, 85, the Supreme Court held that "a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73
for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." Similarly, in State v.Griffin (Dec. 20, 1995), 9th Dist. No. 2440-M, at 4, this court held that a defendant's failure to appear for trial "causes speedy-trial time to be recalculated from the date of the accused's rearrest." The rationale behind this rule is to `"prevent a `mockery of justice' by discharging defendants if in fact the delay was occasioned by their acts.'" Id. at 5, quotingBauer, 61 Ohio St.2d at 84.
 {¶ 26} In this case, Appellant was arrested on July 11, 2003. She failed to appear for her pre-trial on August 21, 2003. The trial court tolled the time for speedy trial purposes from August 21, 2003 until September 30, 2003, when she did appear before the court. In light of the above cases, I believe that the time for speedy trial purposes should have been tolled from the date of Appellant's arrest until September 30, 2003. Between July 11, 2003, and August 21, 2003, 41 days elapsed, which should have been tolled for speedy trial purposes. Thus, the time that elapsed from Appellant's arrest until her trial was 103 days, and not 144 days as the majority found. In light of the circumstances surrounding Appellant's case, I maintain that a 13-day delay is not unreasonable.
 {¶ 27} Furthermore, this case presents a problem for review, because the State did not file a brief. The majority notes a stamped waiver of time on the case jacket, but concludes that there was not a waiver either in writing or in open court. There were several hearings in this case. I would presume the regularity of the hearings, since there does not seem to be a transcript of all of them. I would, therefore, conclude that the time was waived. I would also determine that the 58 days was not an unreasonable delay after the State's witness became available.