OPINION
{¶ 1} The defendant-appellant, Mark A. Johnson, appeals the judgment of conviction and sentence filed by the Allen County Common Pleas Court.
 {¶ 2} On January 22, 2006, Officers Steven Stechshulte and Mark Link, of the Lima Police Department, were on special operation detail. On this assignment, the officers were patrolling the city's streets to target high-crime areas. The officers were assigned to stop and cite offenders for any violation. At approximately 1:00 a.m., the officers were patrolling the area near McClain Street and Fifth Street when they observed Johnson walking eastbound on West Fifth Street. Officer Link drove the marked cruiser next to Johnson, and Officer Stechshulte engaged Johnson in conversation. The officers stopped Johnson because he was walking with the flow of traffic instead of against the flow of traffic.
 {¶ 3} Officer Stechshulte observed a beer can in Johnson's left coat pocket, and to further investigate whether Johnson was carrying an open container, Officer Stechshulte asked him to remove the can and turn it upside down. As Johnson reached for the can, Officer Stechshulte observed Johnson transfer a small item from his left hand to his right hand. He then observed Johnson drop the item to ground from his right hand as he retrieved the beer can with his left hand. *Page 3 
Officer Stechshulte exited the cruiser to confront Johnson, and Officer Link walked around the rear of the car and approached Johnson from behind. Officer Link recovered a piece of cardboard containing less than one gram of crack cocaine and a crack pipe from the ground. Since the ground was frost-covered, Officer Stechshulte immediately felt the items recovered by Officer Link and discovered that they were warm to the touch, consistent with items that had recently been dropped on the cold ground.
 {¶ 4} On February 15, 2006, the Allen County Grand Jury indicted Johnson on one count of possession of crack cocaine, a violation of R.C.2925.11(A), (C)(4)(a), a fifth-degree felony. On Johnson's behalf, defense counsel filed a motion to suppress evidence, which was overruled. Johnson filed a pro se motion challenging his bond, claiming double jeopardy, and requesting new counsel. The trial court granted Johnson's motion as to bond, but the other issues were apparently not ruled upon. The case proceeded to jury trial on October 3 and 4, 2006. The jury convicted Johnson of the offense charged, and the trial court subsequently sentenced Johnson to ten months in prison. Johnson appeals the judgment of the trial court, asserting one assignment of error for our review.
 Assignment of Error Whether Appellant was denied effective assistance of counsel under Article I, Section 10 of the Ohio Constitution and the Sixth Amendment of the United States Constitution. *Page 4 
 {¶ 5} To support his assignment of error, Johnson raises two arguments. First, he contends that he met with trial counsel for a total of approximately one and one-half hours prior to trial, and that that time included two pre-trial hearings. Johnson contends that such limited interaction breeds "ineffectiveness, prejudice toward Appellant, and no possible way that counsel can provide reasonable representation." Second, Johnson contends that trial counsel failed to raise the defense of double jeopardy at any time in the proceedings. Johnson contends that he pled guilty to the same offense in a prior court case, and his indictment in this case put him in double jeopardy. Johnson contends that trial counsel's failure to address the issue amounts to the ineffective assistance of counsel.
 {¶ 6} In response, the state contends that regardless of how much time Johnson spent with counsel, his representation was "thorough and competent" as evidenced by counsel's filings and performance at the suppression hearing and trial. The state also contends that Johnson's double jeopardy defense was meritless, and trial counsel was not ineffective for not raising the issue. The state argues that Johnson produced only an unauthenticated newpaper article from the Lima News, which indicates that he pled guilty to some drug charges in Municipal Court. However, the newspaper article does not evidence any case numbers, and there is no proof that those convictions relate to the charges filed in this case. On this record, the state contends Johnson was represented by effective trial counsel. *Page 5 
 {¶ 7} When an appellant alleges the ineffective assistance of counsel, we must use a two-step test to evaluate the alleged error.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial * * *."
State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 61, quoting Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 8} Properly licensed attorneys in Ohio are presumed competent, so the appellant bears the burden of showing otherwise. Id., at ¶ 62, citing Calhoun, at 289, citing Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164. To meet his burden, Appellant "must submit sufficient operative facts or evidentiary documents that demonstrate that the [appellant] was prejudiced by the ineffective assistance." Id., citing State v. Davis (1999), 133 Ohio App.3d 511, 516, 728 N.E.2d 1111. To prove prejudice, the appellant "`must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a *Page 6 
probability sufficient to undermine confidence in the outcome.'" Id., quoting Strickland, at 694.
 {¶ 9} Johnson first contends that trial counsel met with him for approximately one and one-half hours during the proceedings in this case. Other than his assertion in his appellate brief, Johnson has set forth no evidentiary proof to establish how much time he spent with trial counsel. However, the record indicates that counsel filed a request for discovery, a motion for bill of particulars, a request for notice of intended evidence, a motion for grand jury testimony, a motion to suppress evidence, and a motion to compile specific items of discovery. The record indicates that trial counsel participated in several pre-trial conferences, and actively participated in the suppression hearing and trial. The record also indicates that trial counsel got Johnson released on bond several times, and each time, Johnson violated the terms of his bond and had bench warrants issued for his arrest.
 {¶ 10} During trial, counsel made several representations to the court that Johnson wanted him to introduce evidence, which counsel apparently believed was inadmissible under the rules of evidence or was detrimental to his client's case. Such tactical and strategic decisions are reserved to an attorney's discretion. State v. Kirk, 3rd Dist. No. 14-06-28, 2007-Ohio-1228, at ¶ 61, citing State v. Garrett (1991),76 Ohio App.3d 57, 61, 600 N.E.2d 1130 abrogated on other *Page 7 
grounds by State v. Delmonico, 11th Dist. No. 2003-A-0022, 2005-Ohio-2902 ("Tactical or strategic decisions, even if ultimately unsuccessful, will not substantiate a claim of ineffective assistance of counsel.").
 {¶ 11} Likewise, Johnson has produced no evidence to show that counsel was deficient for failing to raise a defense based on the double jeopardy clause. Johnson produced no evidence in the trial court, nor has he provided any information to this Court, to substantiate his claim that he was in double jeopardy. Other than his bald assertion, Johnson's brief does not provide this Court with any information concerning the charges in any other criminal case filed against him, it does not provide case numbers, nor does it provide proof of any actual conviction. Even in the trial court, Johnson submitted no evidence of his claim. Throughout the proceedings, Johnson was clearly agitated by trial counsel. However, the Sixth Amendment does not guarantee a "meaningful or peaceful relationship between counsel and the defendant."Kirk, at ¶ 57, citing State v. Blankenship (1995), 102 Ohio App.3d 534,558, 657 N.E.2d 559, citing Morris v. Slappy (1983), 461 U.S. 1, 13,103 S.Ct. 1610, 75 L.Ed.2d 610. The trial court's refusal to substitute counsel, particularly when Johnson's objection was made just prior to closing arguments, was not an abuse of discretion. See Kirk, at ¶ 56, 59, citing Wheat v. United States (1988), 486 U.S. 153, 108 S.Ct. 1692,100 L.Ed.2d 140; State v. Jones, 91 Ohio St.3d 335, 343-344,2001-Ohio-57, 744 N.E.2d 1163. Johnson has *Page 8 
failed to demonstrate that trial counsel acted unreasonably and that any unreasonable actions prejudiced the defense. On this record, we cannot find Johnson was denied the effective assistance of counsel. The sole assignment of error is overruled.
 {¶ 12} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1