[Cite as *State v. Shepherd*, 2010-Ohio-482.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY


**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**               **CASE NO.  6-09-14**

    **v.**

**TERRY DALE SHEPHERD,**

                                    **O P I N I O N**

    **DEFENDANT-APPELLANT.**


**Appeal from Hardin County Common Pleas Court**
**Trial Court No. 20082218-CRI**

**Judgment Affirmed**

**Date of Decision:   February 16, 2010**


**APPEARANCES:**

    *Scott B. Johnson*  **for Appellant**

    *Maria Santo*  **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Terry Dale Shepherd, appeals the judgment of the Court of Common Pleas of Hardin County resentencing him to two life sentences without the possibility of parole, to be served consecutively to each other and consecutively to the remainder of a prison term imposed in Hancock County and a life sentence imposed in Wyandot County. On appeal, Shepherd argues that the trial court erred in imposing a harsher sentence upon his resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, in violation of *North Carolina v. Pearce* (1969), 395 U.S. 711, by ordering his life sentence in Wyandot County to be served consecutively to the life sentences imposed in this case; that the State breached its plea agreement; and, that the trial court erred in denying his motion for a new attorney at resentencing. Based on the following, we affirm the judgment of the trial court.

{¶2} In November 2008, in Hardin County case number CRI 20082218, the Hardin County Grand Jury indicted Shepherd on two counts of aggravated murder in violation of R.C. 2903.01(D), an unclassified felony. The indictment arose from Shepherd's brutal murders of Debra England and Judy Kearley, where he burned their bodies in an abandoned farm house after kidnapping and killing

them.  At the time of the murders, Shepherd was on parole[1] from a twelve to fifty-year prison term imposed from a 1986 conviction in Hancock County on one count of theft, two counts of aggravated robbery, and one count of rape. Subsequently, Shepherd entered a not guilty plea to both counts in the indictment.

{¶3}  On December 12, 2008, Shepherd withdrew his not guilty pleas and entered a guilty plea to both counts in the indictment, and the trial court sentenced him to consecutive life prison terms, to be served consecutively to the remainder of his prison term in Hancock County.  The trial court filed its judgment entry of sentencing on December 15, 2008.  Subsequently, Shepherd appealed the trial court's sentence.

{¶4}  Furthermore, on December 11, 2008, in Wyandot County case number 08-CR-0065, Shepherd entered a guilty plea to one count of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony, for the slaying of Claradel Keller.  Subsequently, in February 2009, the Wyandot County court sentenced Shepherd to a life prison term, to be served consecutively to the life sentences imposed in Hardin County.

{¶5}  In July 2009, in *State v. Shepherd*, 3d Dist. No. 6-08-16, 2009-Ohio-3315, this Court remanded for resentencing in Hardin County case number CRI

---

[1] We note that, even though the concept of parole was replaced by postrelease control in 1996, at the time of Shepherd's conviction and sentence in Hancock County, parole was still utilized.  See *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶¶10-11.

20082218, finding that the trial court erred in sentencing Shepherd pursuant to R.C. 2929.14(E), where that section was rendered unconstitutional in *Foster,* 109 Ohio St.3d 1.

{¶6} In July 2009, the trial court held a resentencing hearing, at which Shepherd requested new trial counsel. The following colloquy then took place between Shepherd, his trial counsel, and the trial court:

> **Trial Counsel: Mr. Shepherd has advised me today that he no longer wishes me as his court-appointed lawyer. * * * The reason for that, as expressed to me, is that he no longer values or trusts my opinion or advice on matters that are pending before this Court * * *. He believes that our relationship is strained to the point that he can no longer confide in me.**
>
> **Trial Court: Mr. Shepherd?**
>
> **\* \* \***
>
> **Shepherd: Just basically what he just said. I've been going through my papers and stuff, the documents concerning my case, and I've seen stuff like in my discovery that I don't have that he signed for and I never had.**
>
> **\* \* \***
>
> **Trial Court: We're here for a very limited purpose today, Mr. Shepherd, and that's to sentence.**
>
> **\* \* \***
>
> **Shepherd: Right.**
>
> **Trial Court: So do you have some new evidence that's going to be brought before the Court that you believe is going to change the sentence of the Court?**

**Shepherd: I don't understand. I don't. I don't want this man representing me legally, sign any papers, or speaking to anybody. I don't understand what you're talking about.**

**\* \* \***

**Trial Court: Mr. Shepherd, you and I both understand each other, and the fact is -**

**Shepherd: No we don't.**

**Trial Court: Yeah, the fact is that you know a lot more than you're ever going to admit to, and you understand what's going on, and the Court understands what's going on.**

**Shepherd: What I am saying is this, okay, as far as what's going on now, it's their saying something about some technical reason why I was brought back into court. Some technical reason or something like that.**

**Trial Court: And I'm going to address that.**

**Shepherd: But what I'm saying is this, being at the court, there was also a mistake made and it's opened back up for my, for me also. I would like -**

**Trial Court: No, only as to sentencing Mr. Shepherd, you're not -**

**Shepherd: Right. I understand.**

**Trial Court: listening to me. It has nothing to do with your convictions. Your plea of guilty.**

**Shepherd: But if I want to reconsider my plea because -**

**Trial Court: No, no. That's not possible. Not in this court, not today, not with anybody representing you. That is not an option Mr. Shepherd.**

Case No. 6-09-14

> **Shepherd: * * * I do not want this man on record representing me in this trial, in this case.**
>
> **Trial Court: Okay.**
>
> **Shepherd: in any aspect.**
>
> **\* \* \***
>
> **Trial Court: An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. * * * There is no constitutional right to a meaningful attorney-client relationship. * * * Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result; therein being the crux of the whole thing. To discharge a court-appointed attorney, the defendant must demonstrate to the Court justifiable cause for both the discharge of the appointed counsel and the request for appointment of a new counsel. The existence of hostility, intention, or personal differences which do not rise to the level of interfering with the preparation of a defense, and we're way past that, are not sufficient to justify discharging a court-appointed counsel. The Court is, in fact, denying your motion to discharge Mr. Grzybowski. He is going to continue to be there and represent you as best he can, considering the limited purpose that we're here today.**

(Resentencing Hearing tr., pp. 2-7). Subsequently, the trial court resentenced Shepherd to consecutive life prison terms, to be served consecutively to the remainder of his sentenced imposed in Hancock County, and the life sentence imposed in Wyandot County.

{¶7} It is from this sentence that Shepherd appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO MAXIMUM, CONSECUTIVE SENTENCES EACH CONSECUTIVE TO A LIFE SENTENCE IMPOSED IN A THIRD CASE FROM ANOTHER COUNTY AND IMPOSING AN ADDITIONAL 26 YEARS FOR A PAROLE VIOLATION.**

*Assignment of Error No. II*

**THE TRIAL COURT'S RESENTENCING OF THE DEFENDANT UPON REMAND PURSUANT TO *FOSTER* CONFLICTED WITH THE PRINCIPLES OF *NORTH CAROLINA V. PEARCE* IN THAT THE DEFENDANT RECEIVED A HARSHER SENTENCE.**

*Assignment of Error No. III*

**THE PROSECUTOR BREACHED THE NEGOTIATED PLEA AGREEMENT BY MAKING A RECOMMENDATION CONTRARY TO THE ORIGINAL PLEA AGREEMENT AND BY NOT FOLLOWING THROUGH WITH OTHER PROMISES MADE IN ORDER TO SECURE A PLEA AGREEMENT.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN DENYING THE DEFENDANT A NEW ATTORNEY AT THE RESENTENCING HEARING IN VIOLATION OF HIS RIGHT SUFFICIENT TO [SIC] COUNSEL.**

{¶8} Due to the nature of Shepherd's argument and the fact that he addressed his first two assignments of error with only one argument, we elect to address his first and second assignments of error together.

*Assignments of Error Nos. I and II*

{¶9} In his first assignment of error, Shepherd argues that the trial court erred in sentencing him to maximum, consecutive life sentences, imposed consecutively to his life sentence in Wyandot County and consecutively to the remainder of his sentence in Hancock County. In his second assignment of error, Shepherd argues that the trial court erred in imposing a harsher sentence upon his *Foster* resentencing in violation of *Pearce*, 395 U.S. 711. Specifically, Shepherd contends in these two assignments of error that, because his conviction in Wyandot County was known at the time of his initial sentencing, and because the trial court did not impose his sentence consecutively to his Wyandot County sentence at the original sentencing, the trial court imposed a harsher sentence upon resentencing by ordering his consecutive life sentences to be served consecutively to his Wyandot County life sentence and failed to make the required findings for imposing the harsher sentence, thus requiring his sentence to be vacated and this matter remanded for resentencing. We disagree.

{¶10} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh,* 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶8, citing *State v. Carter,* 11th Dist. No.2003-P-0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law."[2] *Daughenbaugh,* 2007-Ohio-5774, at ¶8, citing *Carter,* 2004-Ohio-1181, at ¶44; R.C. 2953.08(G).

{¶11} Pursuant to the United States Supreme Court's decision in *Pearce*, 395 U.S. 711, a trial court violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution when it imposes a harsher sentence based upon vindictiveness when resentencing a defendant. See, also, *Alabama v. Smith,* (1989) 490 U.S. 794 (finding that, however, no presumption of vindictiveness arises when a sentence imposed after trial is greater than that previously imposed after a guilty plea); *State v. Troglin*, 3d Dist. No. 14-06-57, 2007-Ohio-4368, ¶19. There is a presumption of vindictiveness when the same

---

[2] We note that the Supreme Court of Ohio's plurality opinion in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, established a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish,* we note that our decision in this case would be identical under the *Kalish* plurality's two-part test.

judge imposes a harsher sentence following a successful appeal. Id. at ¶19, citing

*Pearce*, 395 U.S. at 724. An enhanced sentence upon remand is not per se

prohibited, *Wasman v. U.S.* (1984), 468 U.S. 559, 568, but "the reasons for the

harsher sentence must appear on the record and must be 'based upon objective

information concerning identifiable conduct on the part of the defendant occurring

after the time of the original sentencing proceeding.'" *State v. Wagner*, 3d Dist.

No. 14-06-30, 2006-Ohio-6855, ¶8, quoting *Pearce*, 395 U.S. at 726.

{¶12} However, this Court has previously found that the traditional review

of vindictiveness for harsher sentences imposed upon resentencing is not

specifically applicable to a resentencing pursuant to *Foster*, where the original

sentence has not been found to be in error, but to be void. See *Wagner*, 2006-

Ohio-6855, at ¶10. In *Wagner*, we stated that:

> **[W]e are reluctant to endorse the imposition of additional required findings upon the trial courts of the district in re-sentencings under *Foster*-particularly where it is either apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor which the Supreme Court of Ohio subsequently determined to be void; or where the trial court appears to have re-evaluated the record or considered additional factors at the re-sentencing.**

Id at ¶11. Furthermore, any presumption of vindictiveness is rebutted when the

trial court imposes a harsher sentence upon the consideration of a defendant's

conviction received between the time of the original sentencing and the

resentencing, even where the trial court was aware of the charges at the time of the

original sentencing, but a final conviction and sentence had yet to be entered. *Wasman*, 468 U.S. at 569-570.

{¶13} In the case at bar, Shepherd entered a guilty plea to one count of aggravated murder in Wyandot County on December 11, 2008. He was subsequently sentenced in Hardin County on December 12, 2008, with the judgment entry of sentencing being filed on December 15, 2008. However, Shepherd was not sentenced in Wyandot County until February 2009, after his original sentence was imposed in Hardin County, but prior to his resentencing. Accordingly, although his entry of a guilty plea may have been filed in December 2008, just prior to his original sentencing in Hardin County, there was no final conviction until sentencing was imposed, *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶18 ("a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) *the sentence*; (3) the signature of the judge; and (4) entry on the journal by the clerk of court") (emphasis added), meaning that there was no final conviction in Wyandot County at the time of his original sentencing in Hardin County. Accordingly, because a traditional review for vindictiveness is not applicable under a *Foster* resentencing, and because the trial court's imposition of a harsher sentence was based upon a conviction received between the time of the original sentence and the resentencing, thereby rebutting

any presumption of vindictiveness, we find there to be no error in ordering Shepherd's life sentences to be served consecutively to his conviction in Wyandot County. The trial court resentenced Shepherd anew, and it was simply his misfortune that an additional conviction was present on the record to which the trial court could order its sentence consecutive. Furthermore, because Wyandot County imposed its life sentence consecutively to the life sentence imposed in this case, any potential error in this case would not be prejudicial.

{¶14} Accordingly, we overrule Shepherd's first and second assignments of error.

*Assignment of Error No. III*

{¶15} In his third assignment of error, Shepherd argues that the State breached the plea agreement. Specifically, he contends that the State failed to pursue charges against his wife, Brandy Shepherd, in regards to her involvement in the murders, and that it argued at resentencing that his life sentences be served consecutively to his Wyandot County sentence, both in violation of the plea agreement.

{¶16} Initially, we note that Shepherd raised this same issue in his first appeal that the State breached the plea agreement by failing to pursue charges against Brandy. Consequently, because Shepherd has already raised the issue and we have already decided there was no breach of the plea agreement, this argument

is barred by res judicata. *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, syllabus (finding that "[u]nder the doctrine of res judicata*,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.") See, generally, *State v. Driskill*, 3d Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶23.

{¶17} A plea agreement is a contract between the prosecution and the defendant and is governed by principles of contract law. *State v. Smith*, 3d Dist. No. 11-09-02, 2009-Ohio-3154, ¶7, citing *State v. Milligan*, 3d Dist. No. 16-08-04, 2008-Ohio-4509, ¶16. When reviewing questions involving contract interpretation, appellate courts use a de novo standard of review, *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 1996-Ohio-393, and any ambiguous terms in the plea agreement are construed against the State. *Smith*, 2009-Ohio-3154, at ¶9, citing *State v. Blaine*, 4th Dist. No. 03CA9, 2004-Ohio-1241, ¶12; *United States v. Harvey* (C.A.4, 1986), 791 F.2d 294, 300. Moreover, when a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York* (1971), 404 U.S. 257,

262. Accordingly, where the State fails to abide by the terms of a plea agreement, the defendant may be entitled to withdraw his guilty plea or to the specific performance of the agreement. *State v. Crump*, 3d Dist. No. 8-04-24, 2005-Ohio-4451, ¶10.

{¶18} Here, the plea agreement between the State and Shepherd provided that the State would not seek the death penalty, but that it would seek the imposition of life sentences for both counts, to be served consecutively. No agreement was made as to whether the State would seek to have the sentences in this case imposed consecutively to a sentence in Wyandot County. Moreover, at the time of the original sentencing, a sentence had yet to even be imposed in Wyandot County. Therefore, because there was no agreement on the matter, the State was free at resentencing to request that Shepherd's life sentences be served consecutively to his sentence in Wyandot County.

{¶19} Accordingly, we overrule Shepherd's third assignment of error.

*Assignment of Error No. IV*

{¶20} In his fourth assignment of error, Shepherd argues that the trial court erred in denying his motion for a new attorney at resentencing. Specifically, Shepherd asserts that the trial court failed to conduct a reasonable inquiry into his claim of dissatisfaction with his trial counsel. We disagree.

**{¶21}** The substitution of counsel is within the discretion of the trial court, and will not be overturned by the appellate court absent an abuse of that discretion. *State v. Kirk,* 3d Dist. No. 14-06-28, 2007-Ohio-1228, ¶56, citing *Wheat v. U.S.* (1988), 486 U.S. 153. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle* (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

**{¶22}** '"[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate * * * rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."' *State v. Jones*, 91 Ohio St.3d 335, 342, 2001-Ohio-57, quoting *Wheat*, 486 U.S. at 159. Accordingly, while a defendant has a Sixth Amendment right to competent counsel, he has no right to counsel of his own choosing. *Kirk*, 2007-Ohio-1228, at ¶57, citing *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93. Furthermore, a defendant's right to competent trial counsel does not also include the right to a "meaningful relationship" with his attorney. *State v. Blankenship* (1995), 102 Ohio App.3d 534, 558, quoting *Morris v. Slappy* (1983), 461 U.S. 1, 13.

{¶23} An indigent defendant is entitled to the discharge of his attorney only upon a showing of good cause, "'such as a conflict of interest, a complete break-down in the attorney-client relationship or an irreconcilable conflict which leads to an apparently unjust result.'" *State v. McDowell*, 3d Dist. No. 2-07-26, 2008-Ohio-1339, ¶10, quoting *Blankenship,* 102 Ohio App.3d at 558. See, also, *State v. White*, 3d Dist. No. 9-98-52, 1999-Ohio-847. Additionally, a trial court is under a duty to inquire into any claims of dissatisfaction with appointed counsel made by a defendant. *State v. Johnson*, 179 Ohio App.3d 151, 2008-Ohio-5769, ¶48, citing *State v. Deal*, (1969), 17 Ohio St.2d 17, syllabus. This "inquiry may be brief and minimal but it must be made." *State v. King* (1995), 104 Ohio App.3d 434, 437, citing *State v. Prater* (1990), 71 Ohio App.3d 78; *Deal*, 17 Ohio St.3d 17.

{¶24} In the case sub judice, Shepherd's trial counsel informed the trial court during the resentencing hearing that Shepherd no longer wished to retain him as counsel. The trial court inquired of Shepherd as to his reason for wanting new counsel, to which he replied that he failed to receive discovery documents from counsel. Additionally, it appears from the record that Shepherd misunderstood the reason for the proceedings, as he expressed a desire to withdraw his plea, and the trial court promptly informed him that the proceedings were only for the very limited scope of resentencing. Following the trial court's multiple explanations to

Shepherd that the purpose of the hearing was for resentencing only, the trial court then discussed the applicable law for appointing substitute counsel and then denied the motion.

{¶25} Upon review of the record, we find that the trial court conducted a sufficient inquiry into the reasons for Shepherd's dissatisfaction with his trial counsel. Although the trial court merely let him explain the reasons for his desire to obtain substitute counsel, the trial court's duty of inquiry is not expansive, and we find that Shepherd's explanation provided the trial court with sufficient information to properly rule on the motion.

{¶26} Moreover, we also find that the trial court did not abuse its discretion in denying the motion. Shepherd's reason for wanting to discharge his trial counsel, because he allegedly failed to provide him certain discovery materials, is not sufficient to create "'a complete break-down in the attorney-client relationship or an irreconcilable conflict.'" *McDowell*, 2008-Ohio-1339, at ¶10, quoting *Blankenship,* 102 Ohio App.3d at 558. Furthermore, Shepherd's entry of a guilty plea, instead of going to trial, lessens the significance of an alleged failure of trial counsel to provide him specific discovery materials, and Shepherd presented no evidence that could have led to a conclusion that his trial counsel would not have been an effective advocate at the resentencing hearing. Instead, the complaint made by Shepherd pertained more to the level of trust he had in his attorney,

thereby relating to his desire for a "meaningful relationship" with his attorney, a right not guaranteed by the Sixth Amendment. *Blankenship*, supra.

{¶27} Accordingly, we overrule Shepherd's fourth assignment of error.

{¶28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., concurs.**
**/jlr**

**WILLAMOWSKI, P.J. Concurring Separately.**

{¶29} I concur fully with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. In his first and second assignments of error, Shepherd alleges that the trial court abused its discretion in imposing a harsher sentence upon remand by ordering it to be served consecutive to a sentence in another court. Shepherd's appeal of his felony sentence was not pursuant to R.C. 2929.12, which, in my opinion would require an abuse of discretion standard. Thus, the standard used to review this case, as set forth in R.C. 2953.08(G) is the proper standard of review herein.